MEIER & FRANK CO., INC. *v.* UNITED STATES

**No. 5441.**—Invoice dated London, England, March 20, 1939.
Certified March 24, 1939.
Entered at Portland, Oreg., May 15, 1939.
Entry No. 1502.

(Decided September 23, 1941)

*Philip Stein* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

TILSON, Judge: This appeal involves the proper dutiable value of certain earthenware imported at the port of Portland, Oreg. The plaintiff contends, "That our packing charges were already in the value of the merchandise as entered," and that the appraiser erred in adding the packing charges the second time. The following statement appears on the invoice: "The following charges are included in the above: Cases & Packing:—L.7.8.6." The plaintiff contends that the proper dutiable value of the shipment of merchandise is £172 17s. 9d. If the packing charges specified on the invoices be deducted from the claimed proper dutiable value of £172 17s. 9d. the remainder is £165 9s. 3d., and yet at no place in the record before me is this latter figure mentioned.

At the trial of this case there was offered in evidence a letter dated August 10, 1939, from the London office of the Associated Merchandising Corporation, which reads as follows:

We thank you for your letter of the 2nd August regarding the invoices from the United Yeast Co. Ltd. We have contacted these people and we have their reply to your query to the effect that the actual cost of packing which they estimate at £1.5.0 is included in the invoice value of £172.17.9. This packing, of course, includes wood wool, inner boxes, etc.

However, the cost of the outer cases which was shown separately on the invoice will have to be added to the dutiable value.

The judge trying this case refused to admit the aforesaid letter in evidence and the same was marked for identification. No reason appears to me why this letter should not have been admitted in evidence for such consideration and weight as the court might see fit to give it. The ruling of the trial court in excluding this letter is reversed and the same is hereby admitted in evidence and will be marked exhibit 1. The statement in said letter that "the cost of the outer cases which was shown separately on the invoice will have to be added to the dutiable value" is not in harmony with the statement on the invoice that "The following charges are included in the above:—Cases & Packing:—£7.8.6." Said letter also contains the statement that "the actual cost of packing which they estimate at £1.5.0 is included in the invoice value of £172.17.9." which is not in harmony with the statement on the invoice that the cases and packing amount to £7. 8s. 6d. and that this amount is included in the invoice value of £172. 17s. 9d. Such conflicting evidence is not sufficient to overcome the presumptively correct values found by the appraiser.

Counsel for the defendant makes the following statement in his brief filed herein:

Plaintiff having appealed it was incumbent upon it to show (1) the foreign value, and (2) the export value, to the end that the higher might be taken as the dutiable value; or to show (1) a foreign value and the non-existence of an export value, or (2) an export value and the non-existence of a foreign value.

The plaintiff concedes in effect that there was a foreign value for this merchandise, and that the foreign value was 15 per centum higher than the export value. Once the plaintiff made this concession that the foreign value was 15 per centum higher than the export value, the plaintiff was completely relieved from making any showing concerning an export value. The export value was no longer a material issue involved in this case.

After a careful examination and consideration of the entire record I find that the evidence offered by the plaintiff is not sufficient to overcome the values found by the appraiser, which, under section 501 of the act of 1930, are presumptively correct. The appraised values are therefore found to be the proper dutiable foreign values of the merchandise. Judgment will be rendered accordingly.